*A. J. James, for appellant.   J. J. Landrum, for appellee.*

---

THOMAS S. IRELAND, ET AL., v. SAMUEL B. PUGH.

**Abandonment of Homestead.**

> One who surrenders his home for sale, removes therefrom, and for two years thereafter is not occupying the premises as a home, must be held to have abandoned the same, and he cannot thereafter assert a homestead claim thereon.

APPEAL FROM LEWIS CIRCUIT COURT.

February 19, 1879.

OPINION BY JUDGE HINES:

The only question discussed by counsel is whether appellee is entitled to a homestead in the property in controversy. Appellee contends that when the property was sold under execution he occupied it, with his family, as a home, and that when he left it he intended to return and make it his home again at some time in the future.

It appears that at the time of sale appellee was moving from the premises, and completed the removal on the day following the sale.

The property was surrendered by appellee for sale in December, 1874, and no claim to a homestead was made until the institution of these proceedings in May, 1876; nor has he been in the occupancy of the premises as a home at any time since the sale. The only evidence of an intention to again occupy the place as a home is found in the statement of appellee, which is as follows: "When he moved away he intended to return and use and occupy said house as a homestead." In view of the fact that appellee is testifying in his own behalf that statement cannot be construed to mean that the intention to return continued without intermission, and that this claim of homestead is now made in furtherance of the then formed and continually existing intention.

The question is not whether he then intended to return, but rather whether the evidence shows an abandonment of his claim to homestead. The abandonment might have been at the time of removal, or it may have since occurred. Such a declaration is not sufficient to outweigh the fact of the surrender for sale. Contemporaneous removal without the assignment of any reason therefor, inconsistent with the presumption of an intention to abandon the homestead by removal, and the protracted residence of appellee elsewhere, especially when the evidence shows no act of appellee or circumstance indicative of the existence and continuance of the intention or inconsistent with the presumption of abandonment by removal.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*E. C. Phiester, for appellants.*

*W. H. Wadsworth, S. J. Pugh, for appellee.*